IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC RHYM,

    Plaintiff,                                     No. CIV S-07-0388 MCE GGH PS

    vs.

BANK OF AMERICA,                                 ORDER

    Defendant.

_____/

       Plaintiff, proceeding in pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21).

       Plaintiff has submitted an incomplete affidavit in support of his application to proceed in forma pauperis. He did not fully answer Question 3, wherein he states that he has received money from "business, profession or other self-employment" but does not state the amount other than noting "unemployment." Plaintiff's incomplete application fails fully to inform the court whether plaintiff is unable to prepay fees and costs or give security for them, and therefore fails to meet the requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's application to proceed in forma pauperis will be denied with leave to amend.

\\\\\

1

1  The determination whether plaintiff may proceed in forma pauperis does not
2  complete the inquiry.  Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time
3  if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a
4  claim on which relief may be granted, or seeks monetary relief against an immune defendant.
5  Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P.
6  10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which
7  relief may be granted (Rule 12(b)(6)).  The complaint must also comply with general rules of
8  pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's
9  jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

10  Neither the complaint nor civil cover sheet provide a basis for this court's
11  jurisdiction.  The complaint appears to make a state law claim for defamation and provides in
12  full:

> On February 23rd 2007, Bank of America Representative Twee Nguyen, humiliated me publicly by falsely accusing me of stealing three thousand dollars that was deposited into my account.  I was on public display and Ms. Nguyen cut my bank card right in front of me and threatened, "You'll be hearing from our lawyers."  This action is being taken due to Ms. Nguyen's decision to falsely accuse me of stealing, and cancel me as a customer.

17  Under California law, "[t]o state a claim for defamation (either libel or slander),
18  plaintiff must establish 'the intentional publication of a statement of fact that is false,
19  unprivileged, and has a natural tendency to injure or which causes special damage.'  Smith v.
20  Maldonado, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999); Cal. Civ.Code §§ 45-46.
21  Publication means 'communication to a third person who understands the defamatory meaning of
22  the statement and its application to the person to whom reference is made.'  Id.  In addition,
23  under California law to state a claim for libel, a plaintiff must plead the alleged libelous words.
24  Okun v. Super. Ct., 29 Cal.3d 442, 458, 175 Cal.Rptr. 157, 629 P.2d 1369 (1981).  [¶ ] Under
25  California law, the defamatory statement must be specifically identified, and the plaintiff must
26  plead the substance of the statement.  Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1216

(C.D.Cal. 2004)." <u>Scott v. Solano County Health and Social Services Dept.</u>, 459 F. Supp. 2d 959, 973 (E.D. Cal.2006).

Since plaintiff's only claim, defamation, rests on state law, he may proceed in federal court against the Bank of America, a private entity, only upon a showing of diversity jurisdiction, i.e., that the parties are citizens of different states.

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction. <u>See generally</u>, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 2:5. Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by any party or by the court. <u>See</u> <u>Attorneys Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).

Because the complaint makes no reference to federal law and does not assert or demonstrate diversity jurisdiction warranting this court's application of state law, the complaint must be dismissed. However, consistent with the court's liberal construction of pro se pleadings,[1] the court will grant leave to file, within thirty days of the date this order is filed, an nonfrivolous amended complaint in proper form that demonstrates this court's jurisdiction.

Accordingly, IT IS HEREBY ORDERED that plaintiff's complaint and application to proceed in forma pauperis be dismissed with leave to amend; plaintiff may file, within thirty days of the filing date of this order, an amended application to proceed in forma pauperis that fully answers all questions and an amended complaint setting forth this court's

---

[1] Pro se pleadings are liberally construed. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984).

1 | jurisdiction.  Failure timely to meet this deadline shall result in a recommendation this case be
2 | dismissed.
3 |        So ordered.
4 | DATED: 3/20/07                                   /s/ Gregory G. Hollows

                                                  GREGORY G. HOLLOWS
                                                  U. S. MAGISTRATE JUDGE

GGH5:Rhym.ifp