IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC RHYM,

    Plaintiff,                      No. CIV S-07-0388 MCE GGH PS

    vs.

BANK OF AMERICA,                ORDER

    Defendant.

_____/

        On March 21, 2007, this court denied plaintiff's request for leave to proceed in forma pauperis and dismissed his complaint, both with leave to amend. Plaintiff timely filed an amended complaint and an amended application to proceed in forma pauperis. For the following reasons, plaintiff's complaint is again dismissed with leave to amend.

        Plaintiff's affidavit in support of his application to proceed in forma pauperis is now complete[1] and demonstrates plaintiff meets the requirements of 28 U.S.C. § 1915(a)(1).[2]

---

[1] In his initial affidavit, plaintiff did not fully answer Question No. 3. In his amended affidavit, plaintiff states he was last employed October 2006, has received a total of $3,636 unemployment benefits and anticipates receiving an additional $813.

[2] In addition to his unemployment benefits, noted supra at n. 1, plaintiff has assets of bonds and automobiles valued at $10,000 to $15,000, has $89 cash, and provides "1/4" support to his son and daughter.

Accordingly, the request to proceed in forma pauperis will be granted.

The gravamen of plaintiff's complaint and amended complaint is that he was falsely and publicly accused by a Bank of America employee of stealing money that was deposited into his account. The pertinent facts are as follows (Amended Complaint, at p. 1):

> On February 23rd 2007, Bank of America Manager Twee Nguyen, humiliated me publicly by falsely accusing me of stealing three thousand dollars that was deposited into my account. I was on public display and Ms. Nguyen cut my bank card right in front of me and threatened, "You'll be hearing from our lawyers." This action is being taken due to Ms. Nguyen's decision to falsely accuse me of stealing, and cancel me as a customer.

In dismissing the initial complaint, this court identified only a defamation claim under state law[3] and authorized amendment to demonstrate this court's diversity jurisdiction.[4] However, in his amended complaint, plaintiff neither asserts nor seeks to demonstrate diversity of citizenship; rather, plaintiff alleges this court has federal question jurisdiction pursuant to 15 U.S.C. § 1692f (6) (the Fair Debt Collections Practices Act (FDCPA)), and the First and Fourteenth Amendments to the U.S. Constitution.

Title 15, section 1692f (6) provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or

---

[3] As this court stated in its March 21, 2007 order, at pp. 2-3: "Under California law, '[t]o state a claim for defamation (either libel or slander), plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Smith v. Maldonado, 72 Cal. App. 4th 637, 645, 85 Cal. Rptr. 2d 397 (1999); Cal. Civ. Code §§ 45-46. Publication means "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." Id. In addition, under California law to state a claim for libel, a plaintiff must plead the alleged libelous words. Okun v. Super. Ct., 29 Cal. 3d 442, 458, 175 Cal. Rptr. 157, 629 P.2d 1369 (1981). [¶] Under California law, the defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).' Scott v. Solano County Health and Social Services Dept., 459 F.Supp.2d 959, 973 (E.D.Cal.2006)."

[4] The court stated, at p. 3, "Since plaintiff's only claim, defamation, rests on state law, he may proceed in federal court against the Bank of America, a private entity, only upon a showing of diversity jurisdiction, i.e., that the parties are citizens of different states."

threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

Under the FDCPA, a "debt collector" "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.A. § 1692a(6). With some exceptions,[5] the term also includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id.  Finally, "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Id.

The amended complaint fails to give sufficient information for this court to determine whether defendant Bank of America, in these circumstances, may be characterized as a "debt collector" for purposes of finding jurisdiction under the FDCPA. See Romine v. Diversified Collection Services, Inc., 155 F.3d 1142, 1149 (9th Cir. 1998) (determination whether entity qualifies as debt collector within meaning of act "depend[s] upon the nature of the activities in the individual case").  The facts as presented do not explain the nature or source of the disputed money, the fiduciary relationship between plaintiff and Bank of America, the purpose of plaintiff's account and whether there were other financial transactions or debts

---

[5] Excepted is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." 15 U.S.C.A. § 1692a(6)(F).

between the parties, whether the cutting of plaintiff's bankcard and cancellation of his account were purportedly in payment of a debt, whether Bank of America pursued legal action against plaintiff, etc. Plaintiff must set forth not only every pertinent detail of his financial relationship with defendant but, referencing specific statutes and case law, demonstrate how this relationship brings this action within the FDCPA.

This court's jurisdiction is not established by plaintiff's allegations under the First and Fourteenth Amendments that defendant violated his civil rights to personal integrity and equal protection. To state a civil rights claim under 42 U.S.C. § 1983, plaintiff must demonstrate deprivation of a federal constitutional or statutory right *under color of state law*. See, e.g., Dang Vang v. Toyed, 944 F.2d 476, 479 (9th Cir. 1991); Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff's federal constitutional rights claims are not cognizable against a private entity. See, e.g., Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278, 113 S. Ct. 753, 764 (1993). Governmental regulation does not convert a private enterprise into governmental action. See, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 453 (1974).

As this court noted in its prior order, "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). The failure of the amended complaint to demonstrate this court's jurisdiction based upon either federal law or diversity of citizenship requires its dismissal. However, again in deference to this court's liberal construction of pro se pleadings, the court will accord plaintiff one more opportunity to amend his complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is granted. Plaintiff's amended complaint is dismissed with leave to amend. Plaintiff may file, within twenty days of the filing date of this order, a second amended complaint

\\\\\

\\\\\

1 establishing this court's jurisdiction. Failure timely to meet this deadline shall result in a
2 recommendation this case be dismissed.
3         So ordered.
4 DATED: 5/24/07                           /s/ Gregory G. Hollows

                                          _____
                                          GREGORY G. HOLLOWS
                                          U. S. MAGISTRATE JUDGE

GGH5:Rhym0388.srv