IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC RHYM,

    Plaintiff,                         No. CIV S-07-0388 MCE GGH PS

    vs.

BANK OF AMERICA,                        <u>ORDER</u>

    Defendant.

_____/

        On May 24, 2007, this court granted plaintiff's amended application to proceed in forma pauperis and accorded plaintiff a second opportunity to amend his complaint. Plaintiff timely filed a "Second Amendment" on June 11, 2007. For the reasons set forth below, the court dismisses the second amended complaint and grants plaintiff leave to file a Third Amended Complaint limited to plaintiff's defamation claim.

        The gravamen of the second amended complaint sets forth the same facts provided in the prior complaints:

> On February 23, 2007, Bank of America manager Twee Nguyen humiliated m[e] publicly by falsely accusing me of stealing three thousand dollars that was deposited into my account. I was on public display and Ms. Nguyen cut my bank card right in front of me and everyone in the bank and threaten[ed,] "You'll be hearing from our lawyer's [sic]." This action is being taken due to Ms. Nguyen's decision to falsely accuse me of stealing and canceling me as a customer.

Second Amended Complaint, at p. 1. The only additional facts provided by the new complaint are:

> I was told by Ms. Nguyen that a male customer deposited three thousand dollars into my account then asked, "where is it?["] She admitted poor record keeping. [Legal citation omitted].
>
> I offered to pay the money back starting with two hundred dollars that Friday, Ms. Nguyen claimed the bank needed all of it today. When I informed her I didn't have three thousand dollars in my pocket, [she] on camera took my Bank of America card and cut it up.

Id., at p. 2. It is reasonable to infer from these minimal facts that the $3000 deposited in plaintiff's account was not his own, that plaintiff spent the money, then offered to pay it back incrementally; this offer was dramatically rejected by Ms. Nguyen.

As in his first amended complaint, plaintiff asserts generally this is a civil rights case implicating plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1985. For the reasons set forth in this court's May 24, 2007 order, plaintiff's federal constitutional rights claims are not cognizable against Bank of America, a private entity.

The other asserted basis for jurisdiction set forth in the first amended complaint – that Bank of America violated provisions of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692f (6) – has been dropped from the second amended complaint. Plaintiff chose to avoid this court's question whether Bank of America may be characterized as a "debt collector" for purposes of finding jurisdiction under the FDCPA, and the court will not pursue this question sua sponte.[1]

\\\\\

---

[1] As set forth in detail in this court's May 25, 2007 order (at pp. 3-4), to establish jurisdiction under the FDCPA, plaintiff needs to articulate "the nature or source of the disputed money, the fiduciary relationship between plaintiff and Bank of America, the purpose of plaintiff's account and whether there were other financial transactions or debts between the parties, whether the cutting of plaintiff's bankcard and cancellation of his account were purportedly in payment of a debt, whether Bank of America pursued legal action against plaintiff, etc. Plaintiff must set forth not only every pertinent detail of his financial relationship with defendant but, referencing specific statutes and case law, demonstrate how this relationship brings this action within the FDCPA."

Similarly inadequate are plaintiff's new claims under "12 U.S.C. § 330.5(a)(1)" (purportedly protecting plaintiff's privacy and access as an account holder) and "12 U.S.C. § 344.4(a)(1)(2)(3)(5)(B)" (purportedly prohibiting poor record keeping by the bank). The court is unable to locate statutes with these designations.

The only remaining basis for establishing this court's jurisdiction – diversity of citizenship enabling plaintiff to pursue his state law defamation claim – was noted by this court in its initial March 21, 2007 order.[2] Plaintiff dropped the defamation claim in his first amended complaint. In his second amended complaint (at p. 2), plaintiff resurrects the claim by stating:

> Bank of America is originally America Bank of Italy who's corporate office is located 100 N. Tryon St. Charlotte N.C. 28255. This shows the diversity of the defendant and the plaintiff, and that this case is within the jurisdiction.

This corporate address is consistent with that currently provided on the California Secretary of State's website. The agent for service of process is: C.T. Corporation System, 818 West Seventh Street, Los Angeles CA 90017.

As set forth in this court's March 21, 2007 order (at pp. 2-3): "Under California law, '[t]o state a claim for defamation (either libel or slander), plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Smith v. Maldonado, 72 Cal.App. 4th 637, 645, 85 Cal. Rptr. 2d 397 (1999); Cal. Civ. Code §§ 45-46. Publication means "communication to a third person who understands the defamatory meaning of the statement and its application to

---

[2] As the court also noted in its March 21, 2007 order (at p. 3):

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by any party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

1 the person to whom reference is made." Id.  In addition, under California law to state a claim for

2 libel, a plaintiff must plead the alleged libelous words.  Okun v. Super. Ct., 29 Cal. 3d 442, 458,

3 175 Cal. Rptr. 157, 629 P.2d 1369 (1981).  [¶ ] Under California law, the defamatory statement

4 must be specifically identified, and the plaintiff must plead the substance of the statement.

5 Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).'  Scott v. Solano

6 County Health and Social Services Dept., 459 F. Supp. 2d 959, 973 (E.D. Cal.2006)."

7       Plaintiff's allegation that Ms. Nguyen falsely and publicly accused plaintiff of

8 stealing money from Bank of America states a prima facie claim for defamation.  However, the

9 second amended complaint is comprised primarily of legal contentions this court has found

10 without merit, remains vague in many respects, and raises more questions than it answers.

11       Accordingly, plaintiff shall be accorded one last – and final – opportunity to

12 amend his complaint, clearly state this court's diversity jurisdiction, more clearly articulate all

13 pertinent facts (plaintiff is referred to fn. 1, supra), and limit his contentions to his state law

14 defamation claim.  An amended complaint must be complete in itself without reference to any

15 prior pleading.  E. D. Cal. L. R. 15-220.

16       In accordance with the above, IT IS HEREBY ORDERED that:

17       1.  Plaintiff's second amended complaint ("Second Amendment"), filed June 11,

18 2007, is dismissed.

19       2.  Plaintiff is granted twenty (20) days from the filing date of this order to file a

20 "Third Amended Complaint," so labeled, that complies with the requirements set forth above; the

21 "Third Amended Complaint" must bear the docket number assigned this case; plaintiff must file

22 an original and two copies of the "Third Amended Complaint;" failure to comply with this order

23 will result in a recommendation this action be dismissed.

24 DATED: 6/26/07       /s/ Gregory G. Hollows

25       _____
      GREGORY G. HOLLOWS
      U. S. MAGISTRATE JUDGE

26 GGH5:Rhym.amd