IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CEDRIC RHYM, | | |
| | Plaintiff, | No. CIV S-07-0388 MCE GGH PS |
| | vs. | |
| BANK OF AMERICA, | | FINDINGS AND RECOMMENDATIONS |
| | Defendant. | |
| _____/ | | |

       On June 26, 2007, this court dismissed plaintiff's second amended complaint and granted plaintiff leave to file a third amended complaint that clarifies the facts of this case and clearly establishes this court's diversity jurisdiction over plaintiff's state law defamation claim. The court concluded that plaintiff's federal citations did not state claims upon which relief could be granted.

       Plaintiff timely filed a third amended complaint; however, for the reasons explained below, this court concludes that the complaint should be dismissed without further leave to amend.

       As in his prior complaints, plaintiff challenges the February 23, 2007 actions of Bank of America (branch unidentified) manager Twee Nguyen when she publicly and falsely

1

accused plaintiff of stealing three thousand dollars deposited into plaintiff's account by another customer.  While admitting to poor record keeping, Ms. Nguyen asked plaintiff where the money was, dramatically cut his bank card, and announced, "You'll be hearing from our lawyers."  Plaintiff's customer status was cancelled.  In his prior complaint, plaintiff stated that he offered to pay back the money starting with $200 but Ms. Nguyen rejected the offer, stating the entire amount was needed immediately.  The complaint suggests that plaintiff remains unjustly enriched but rightfully indignant.

The third amended complaint does not assert the requisite state law defamation claim, nor any state law claim, but nonetheless asserts there is diversity of citizenship based on the location of Bank of America's headquarters in Charlotte, North Carolina.  However, plaintiff does not invoke this court's jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, but rather on the asserted violations of plaintiff's civil rights, 28 U.S.C. § 1343(a).  As explained to plaintiff in this court's prior orders, plaintiff's federal constitutional claims are not cognizable against Bank of America because it is a private entity.  Thus, plaintiff fails to assert a cognizable state law claim or federal civil rights claim.

Plaintiff attempts to invoke this court's federal subject matter jurisdiction by relying on federal banking laws to support his allegations defendant acted unfairly and deceptively.  Plaintiff relies on 12 C.F.R. § 350.5 ("recognition of deposit ownership and fiduciary relationships") and § 344.4 (securities recordkeeping), mistakenly cited as statutes ("U.S.C.").  However, plaintiff has failed to demonstrate how these regulations, promulgated pursuant to the Federal Deposit Insurance Act and enforceable against banking institutions by the Federal Deposit Insurance Corporation, accord a private right of action to plaintiff or, even if they do, that plaintiff has exhausted requisite administrative remedies.

Plaintiff has been accorded three opportunities to amend his complaint, with guidance by this court.  Further amendment would not cure its inherent defects.

\\\\\

1  Accordingly, IT IS RECOMMENDED that this action be dismissed with
2 prejudice.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5 twenty days after being served with these findings and recommendations, plaintiff may file
6 written objections with the court.  The document should be captioned "Objections to Magistrate
7 Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.

DATED: 8/1/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Rhym0388.f&r